UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL JOHNSON,

    Petitioner,

    v.                                                                                CAUSE NO.: 3:18-CV-253-PPS-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Michael Johnson, a prisoner without a lawyer, filed an amended habeas corpus petition challenging the disciplinary decision (MCF 17-11-48) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a cellphone in violation of Indiana Department of Correction Offense A-121. Following a disciplinary hearing, Johnson was sanctioned with a demotion in credit class and a suspended loss of earned credit time.

Johnson argues that he is entitled to habeas relief because the hearing officer lacked sufficient evidence to find him guilty of possessing a telephone. He further argues that the decisionmakers at all three levels of disciplinary proceedings failed to consider exculpatory evidence.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's

> guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks and citations omitted).

At the time of the hearing, the administrative record included a conduct report stating that two correctional officers found a cellphone in the toilet of Johnson's cell, photographs of the cellphone, and a written statement from his cellmate that "[he] woke up and the c/o was in the room and found a cell phone." ECF 8-2 at 2. It also included Johnson's statement that the cellphone belonged to his cellmate who had already pled guilty to possessing it. The correctional officer's statement that they found the cellphone in a common area in Johnson's cell suggests that he possessed the cellphone and thus constitutes some evidence to support the finding of guilt. Therefore, the claim that the hearing officer lacked sufficient evidence to find him guilty is not a basis for habeas relief.

Johnson argues that he is entitled to habeas relief because he did not have an opportunity to present evidence. He alleges that the screening officer told him that the charge would be dismissed if his cellmate pled guilty and that he declined to prepare a more robust defense due to this statement. Though Johnson may have relied on the screening officer's statement, the statement was not tantamount to a denial of the opportunity to present evidence -- Johnson was notified of the charge more than one month before the hearing, he was advised that the hearing would go forward even after his cellmate's guilty plea on at least two separate occasions, and his cellmate's

2

statement, the only evidence he requested at screening, was presented at the hearing. ECF 8-2; ECF 15-1. Therefore, Johnson's claim that he was denied the opportunity to present evidence is not a basis for habeas relief.

Finally, Johnson argues that he is entitled to habeas relief because correctional staff did not investigate the charges and because they did not allow him to obtain a witness statement from a caseworker for purposes of his administrative appeal. An investigation of the charges and the opportunity to present evidence on appeal are not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308 (1976)). Therefore, these claims are not a basis for habeas relief.

Because Johnson has not asserted a valid claim for habeas relief, the habeas petition is denied. If Johnson wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court of Cook Cnty., Ill.*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the amended habeas corpus petition (ECF 5);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Michael Johnson leave to proceed in forma pauperis on appeal.

SO ORDERED.

ENTERED: May 20, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT